UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTEN BOLLING,<br><br>    Defendant. | Case No. 2:23-cr-00233-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Kirsten Bolling's Motion to Reduce Sentence. Dkt. 51. Upon review, and for the reasons set forth below, the Court GRANTS Bolling's Motion. The Court reduces Bolling's sentence to probation (with home confinement for the first six months).

## II. BACKGROUND

In this case, Bolling waived indictment and entered a guilty plea to Count One of the Information, charging her with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Dkt. 3.

Factually, Bolling participated in a scheme to defraud Medicare. Along with others, Bolling submitted over $14 million in false and fraudulent claims. Of that, Medicare paid $6,167,150.58 for medically unnecessary equipment and testing. Bolling received at least $204,007 in proceeds from her participation in the unlawful conspiracy.

On April 21, 2025, the Court sentenced Bolling to twelve months and one day of incarceration. To reach that sentence, the Court granted the Government's Motion for Downward Departure and Bolling's Motion for Downward Variance. Beyond that though, Bolling argued for a non-incarceration sentence. The Court noted Bolling played a minor role in the offense and has absolutely zero criminal history, but the Court felt it could not impose a sentence of probation without more information. To wit, the Court outlined that it would consider a motion for reduction in sentence if the parties could provide additional information about sentences other medical providers received who participated in similar unlawful telemedicine schemes.

Both parties timely filed their briefs. Dkts. 51, 52.[1]

### III. LEGAL STANDARD

Neither party cited any law, statute, or rule providing the Court with the authority to reduce Bolling's sentence at this stage of her case. Typically, this type of motion is filed pursuant to Federal Rule of Criminal Procedure 35. That rule, however, is limited to "errors" that must be corrected and requires the motion be filed *and adjudicated* within fourteen days of sentence.[2] That window has closed in this case.[3]

---

[1] At sentencing, the Court determined Bolling could self-surrender to prison. Dkt. 28. Considering the pending Motion, however, the parties agreed to—and the Court approved—two continuations of Bolling's voluntary surrender date. Dkts. 54, 56.

[2] Rule 35 also allows *the Government* to file a motion to reduce *after* the fourteen-day window to account for substantial assistance.

[3] The Court has previously explained that the fourteen days is jurisdictional, which means the Court "lose[s] the power to amend a sentence after fourteen days." *United States v. Anderson*, 2023 WL 5401324, at *1 (D. Idaho Aug. 21, 2023) (citing *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011)).

MEMORANDUM DECISION AND ORDER – 2

The Court, however, instigated this process. It was the Court at sentencing that explained it was having a difficult time sentencing Bolling to prison because her history and characteristics leaned towards probation, but there was little evidence to suggest a sentence of probation would not result in a disparity when compared to other defendants accused of similar conduct. The Court, therefore, suggested a motion to reduce sentence with additional authority.

The Court is not implying it has the inherent power to sua sponte change Bolling's sentence or otherwise violate Rule 35. Thus, it needs a jurisdictional or legal hook to effectuate the change in sentence it will be making today.

Upon review, the Court will use the guiding principles from 18 U.S.C. § 3582. This statute—commonly referred to as "compassionate release"—outlines that a Court may modify or reduce a term of imprisonment for various reasons after it has been imposed.[4] One of those reasons is when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Here, the compelling reason justifying Bolling's reduction in sentence is the need to avoid unwarranted sentence disparities and better reflect the sentencing factors set forth in 18 U.S.C. § 3553(a).

---

[4] This statute is not a perfect fit either, as a threshold requirement is exhausting with the Bureau of Prisons. Bolling is not incarcerated which makes this requirement difficult, if not impossible, to accomplish. Whether the exhaustion requirement can be waived is a complicated question with Courts across the Country providing a myriad of guidance depending on the situation. Broadly speaking, however, the requirement is "mandatory and must be enforced when [] raised by the Government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The Government has not raised the objection here. But, again, this is not a motion for compassionate release, so the Government can hardly be faulted for that. In short, the Court finds the unique circumstances present here do not strictly require exhaustion, and the Court will proceed to the substantive step of its inquiry.

MEMORANDUM DECISION AND ORDER – 3

Thus, absent more complicated procedures, the Court finds the compassionate release process and framework best suited for the present situation.

## IV. DISCUSSION

The parties' supplemental briefs were very helpful. Bolling outlined nine cases where individuals who committed the same crime she committed received probation. *See generally* Dkt. 51, at 3–7. She also included information about other doctors/nurses accused of similar conduct that reached civil settlements with the Government and avoided criminal prosecution all together. *Id.* at 8–9. The Government outlined seven cases where individuals who engaged in similar conduct as Bolling received prison sentences. *See generally* Dkt. 52. To both sides' credit, the cases provided are quite analogous to this case. The conduct and amounts involved—while not exactly the same—are comparable. This is particularly helping for the Court in considering Section 3553(a)(6) which requires a court to consider sentencing disparities between similarly situated federal cases. *United States v. Ringgold*, 571 F.3d 948, 951 (9th Cir. 2009).

Here, the Court has reviewed the cases supplied by the parties, engaged in its own research, and has concluded that a sentence of probation for Bolling is sufficient, but not greater than necessary, and will also avoid unwarranted sentence disparities among defendants who were found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

Bolling played a lesser role in this conspiracy than her co-defendants.[5] She has paid back the full amount of money she obtained from the scheme (over $200,000). She will

---

[5] Bolling's three co-defendants received amended sentences (post Rule 35 motions) of 36 months, 58 months, and time served, respectively.

MEMORANDUM DECISION AND ORDER – 4

likely be paying restitution in this case for the rest of her life. She will be a convicted felon with all the deprivations attending such a status. She has already lost her medical license, and it is doubtful she can re-obtain that at a later date. She has no criminal history. Weighing all of these factors, the Court finds that a sentence of probation with six months of home confinement is appropriate.

Accordingly, the Court will reduce Bolling's sentence to a term of probation for five years. Additionally, the first term and condition of probation will be a period of home confinement for 180 days following the amended judgment. Bolling will be restricted to her home except for employment, medical appointments, religious services, and other necessary matters as determined by the probation officer.

## V. ORDER

1. Bolling's Motion to Reduce Sentence (Dkt. 51) is **GRANTED**. The Court will enter an amended judgment forthwith.

DATED: July 7, 2025

_____
David C. Nye
Chief U.S. District Court Judge